FILED

Ronald J. Gengler, Plaintiff *in Propria Persona*
PO BOX 426
Thousand Palms, California  92276

2016 DEC 19  AM 10: 20

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CALIFORNIA

RONALD J. GENGLER
    PLAINTIFF

V.

HUNT & HENRIQUES AND MICHAEL S. HUNT
    DEFENDANTS

CASE NO. EDCV16-02587 MWF SPx

_____/

### COUNT I – COMPLAINT FOR VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA); 15 U.S.C. § 1692 ET SEQ.

Comes now the plaintiff RONALD J. GENGLER and sues the defendant HUNT & HENRIQUES for penalties and actual damages for unfair and deceptive collection practices in violation of the Fair Debt Collection Practices Act, and for other relief as set forth herein.

### JURISDICTION

This is an action at law and this court has original jurisdiction pursuant to Article III, Section 2 of the United States Constitution and Title 28 U.S.C. §1331.

This is a complaint for damages that exceeds $75,000.  There is a diversity of citizenship between the plaintiff and defendant.

### VENUE

The plaintiff has resided in Riverside County, using the postal address known as Post Office Box 426, Thousand Palms, California, for all times material to this complaint.

The defendant is a corporation doing business in the State of California with its principle place of business at the address of 151 Bernal Road, Suite 8; San Jose, CA 95119-1306, for all times material to this complaint.

Defendant is a debt collector as defined under Title 15 U.S.C. §1692(a).

FEE PAID

Defendant has undertaken actions that involve the collection of a consumer debt against the plaintiff. The debt collection involves a purported debt for personal, family or household purposes.

Defendant is a debt collector as defined under Title 15 U.S.C. §1692(a)(6) and is not excluded by any provision of what defines a "debt collector" under this statute.

## PLAIN STATEMENT

This is a complaint for unfair and deceptive collection practices involving collateral against which the defendants have falsely asserted various rights or claims.

The defendant is suing the plaintiff for a purported credit card debt, in which the lawsuit names a creditor as if the creditor is being represented by the defendant' however, the creditor named in the complaint has no interest in the proceeding but the defendant has all of the interest and is only using the creditor's name to mislead the court, create false records and misrepresent that the defendant has all of the interest and not what appears to be his purported client.

The defendant has somehow acquired the personal and banking information of each of the plaintiff and has used that information for his own personal gain and benefit without any permissible purpose.

The plaintiff sent the defendant a notice of dispute and request for validation on several dates over the previous twelve months, true and correct copies of which are attached as part of Exhibit A. The defendant did not respond as required by law.

## ALLEGATIONS

Each and everyone of the foregoing statements, together with the exhibits, are re-alleged herein and included with the following additional allegations.

Within the previous twelve months, the defendant began sending written communication to the plaintiff stating that it was representing a creditor to whom the plaintiff owed money and that the defendant was representing the creditor.

Plaintiff disputed these claims and asked the defendant to provide verification that these parties it was supposed to have been representing, whose names it was using, or who were aware of its actions. No response was given.

The defendant sent written communication to the plaintiff stating that it was

representing various parties, namely a creditor of the plaintiff's.

Plaintiff asked the defendant to provide verification that this party, the purported creditor, who the defendant claimed to have been representing, was aware of her actions.

Plaintiff also asked the defendant to explain how it obtained the personal and private banking, financial and identifying information of the plaintiff. The defendant failed or refused to answer these questions, in spite of being advised that she was in violation of the Fair Debt Collection Practices Act and may be subject to penalties and actual damages for continuing to undertake these actions.

The purported debt is not a debt held or collected under the name of the defendant's client, the purported creditor.

The defendant made false representations that its client's interests were being represented in its debt collection actions.

The defendant did not have the typical credit information of the plaintiff, such as a social security number, or date of birth or other banking information that a creditor would normally be expected to have already obtained before a debt obligation was established.

The defendant has used a false or fictitious name in the undertaking of its collection actions.

The defendant has used a name other than the true name of its business, company or organization.

After several written requests, the defendant has refused to identify its owners, principals or interests it claims to have in the plaintiff's property. Instead of making these disclosures, defendant has falsely represented that it has certain legal rights under a credit agreement to collect money thereunder.

The defendant has falsely represented the name of the creditor to whom it alleges the debt is owed.

The Defendant failed to provide the Plaintiff with validation of debt within five business days of contacting him.

Based on these allegations, the consumer alleged violations of §§ 1692e(4) and (5), and 1692g(a) and (b) of the FDCPA.

The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

This is an action for damages exceeding $75,000.

Plaintiff demand a jury trial.

As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs, if any, pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands that judgment be entered against each Defendant, jointly and severally, and Plaintiff be awarded damages from each Defendant, as follows:

A. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

B. An award of costs of litigation and reasonable attorney's fees, if any, pursuant to 15 U.S.C. § 1692k(a)(3);

C. An award of actual damages;

D. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all issues so triable as a matter of law.

## COUNT II – COMPLAINT FOR VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA); 15 U.S.C. § 1692 ET SEQ.

Comes now the plaintiff RONALD J. GENGLER and sues the defendant MICHAEL S. HUNT for penalties and actual damages for unfair and deceptive collection practices in violation of the Fair Debt Collection Practices Act, and for other relief as set

forth herein.

## JURISDICTION

This is an action at law and this court has original jurisdiction pursuant to Article III, Section 2 of the United States Constitution and Title 28 U.S.C. §1331.

This is a complaint for damages that exceeds $75,000. There is a diversity of citizenship between the plaintiff and defendant.

## VENUE

The plaintiff has resided in Riverside County, using the postal address known as Post Office Box 426, Thousand Palms, California, for all times material to this complaint.

The defendant is an individual doing business in the State of California with his principle place of business at the address of 151 Bernal Road, Suite 8; San Jose, CA 95119-1306, for all times material to this complaint.

Defendant is a debt collector as defined under Title 15 U.S.C. §1692(a). Defendant has undertaken actions that involve the collection of a consumer debt against the plaintiff. The debt collection involves a purported debt for personal, family or household purposes.

Defendant is a debt collector as defined under Title 15 U.S.C. §1692(a)(6) and is not excluded by any provision of what defines a "debt collector" under this statute.

## PLAIN STATEMENT

This is a complaint for unfair and deceptive collection practices involving collateral against which the defendants have falsely asserted various rights or claims.

The defendant is suing the plaintiff for a purported credit card debt, in which the lawsuit names a creditor as if the creditor is being represented by the defendant' however, the creditor named in the complaint has no interest in the proceeding but the defendant has all of the interest and is only using the creditor's name to mislead the court, create false records and misrepresent that the defendant has all of the interest and not what appears to be his purported client.

The defendant has somehow acquired the personal and banking information of

each of the plaintiff and has used that information for his own personal gain and benefit without any permissible purpose.

The plaintiff sent the defendant a notice of dispute and request for validation on several dates over the previous twelve months, true and correct copies of which are attached as part of Exhibit A. The defendant did not respond as required by law.

## ALLEGATIONS

Each and everyone of the foregoing statements, together with the exhibits, are re-alleged herein and included with the following additional allegations.

Within the previous twelve months, the defendant began sending written communication to the plaintiff stating that it was representing a creditor to whom the plaintiff owed money and that the defendant was representing the creditor.

Plaintiff disputed these claims and asked the defendant to provide verification that these parties it was supposed to have been representing, whose names it was using, or who were aware of its actions. No response was given.

The defendant sent written communication to the plaintiff stating that it was representing various parties, namely a creditor of the plaintiff's.

Plaintiff asked the defendant to provide verification that this party, the purported creditor, who the defendant claimed to have been representing, was aware of her actions.

Plaintiff also asked the defendant to explain how it obtained the personal and private banking, financial and identifying information of the plaintiff. The defendant failed or refused to answer these questions, in spite of being advised that she was in violation of the Fair Debt Collection Practices Act and may be subject to penalties and actual damages for continuing to undertake these actions.

The purported debt is not a debt held or collected under the name of the defendant's client, the purported creditor.

The defendant made false representations that its client's interests were being represented in its debt collection actions.

The defendant did not have the typical credit information of the plaintiff, such as a social security number, or date of birth or other banking information that a creditor would

normally be expected to have already obtained before a debt obligation was established.

The defendant has used a false or fictitious name in the undertaking of its collection actions.

The defendant has used a name other than the true name of its business, company or organization.

After several written requests, the defendant has refused to identify its owners, principals or interests it claims to have against plaintiff. Instead of making these disclosures, defendant has falsely represented that it has certain legal rights under a credit agreement that has never been disclosed.

The defendant has falsely represented the name of the creditor to whom it alleges the debt is owed.

The Defendant failed to provide the Plaintiff with validation of debt within five business days of contacting him.

Based on these allegations, the consumer alleged violations of §§ 1692e(4) and (5), and 1692g(a) and (b) of the FDCPA.

The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

This is an action for damages exceeding $75,000.

Plaintiff demand a jury trial.

As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs, if any, pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff demands that judgment be entered against each Defendant, jointly and severally, and Plaintiff be awarded damages from each

Defendant, as follows:

 A. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

 B. An award of costs of litigation and reasonable attorney's fees, if any, pursuant to 15 U.S.C. § 1692k(a)(3);

 C. An award of actual damages;

 D. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all issues so triable as a matter of law.

DATED this 18th day of December, 2016.

                _____
                Ronald J. Gengler, Plaintiff

**EXHIBIT A**

# Ronald J Gengler

**PO BOX 426, THOUSAND PALMS, CA 92276**

# NOTICE

### DEMAND FOR VALIDATION AND PROOF OF CLAIM

Date: 12/24/2015         CERTIFIED MAIL RECEIPT #: 7015 1730 0000 2076 5158
                         RETURN RECEIPT REQUESTED

**From:**
Ronald J Gengler
P.O. BOX 426
THOUSAND PALMS, CA 92276

Hereinafter collectively referred to as "Claimant"

**To:**
Anastasia Lolong
HUNT & HENRIQUES
ATTORNEYS AT LAW
11 BERNAL ROAD, SUITE 8
SAN JOSE, CA 95119-1306

Hereinafter collectively referred to as RESPONDENT, you, your company


Re: Alleged Original Creditor: Bank of America N.A.
    Alleged Account ending in 3525
    Alleged previous account ending in 3846
    Alleged Account Balance: $14,396.33

Ms Lolong,

This letter is in response to a letter you mailed to RONALD J GENGLER dated December 11, 2015 which was received by me on December 23, 2015. What I would first like to know is who are you? It appears as though Bank of America, N.A. has sold this account to you, a 3rd party interloper and you may be participating in fraud. Please tell me who is accountable for this contract I am being offered? If you can state your claim & provide the contract I have with you whereas there is a wet ink signature from the Claimant & someone from the RESPONDENT, I would be happy to settle this alleged account.

Please notice that this is a request for VALIDATION and PROOF OF CLAIM made pursuant to the Fair Debt Collection Practices Act and Fair Credit Billing Act. I respectfully request that your offices

Page 1 of 5

provide Claimant with competent evidence as *per the attached "Declaration and Proof of Claim"* that I have any legal obligation to pay you the unsubstantiated alleged debt.

At this time please be informed that if your offices have reported non-validated information to any of the 3 major Credit Bureaus, such as, Equifax, Experian and TransUnion prior to validation and proof of claim of the alleged debt, this action could constitute fraud under both Federal and State Laws.

Due to this fact, if any negative mark is found on any of Claimant credit reports by your company or any company that you represent, I may further explore options regarding action against you and anyone you represent, in accordance with Violation of the Fair Credit Reporting Act, as well as Violation of the Fair Debt Collection Practices Act, and United States Code TITLE 18, CHAPTER 63, Sec. 1341

Until such time that your offices provide Claimant with proof of claim of the alleged debt, the alleged debt is considered to be invalid, and any documents that you might send me will be returned to you as '*refused for cause without dishonor upon proof of claim*'. Your offices have 30 days to produce the required documentation in accordance with FTC guidelines. During this validation period and proof of claim, if any action is taken which could be considered detrimental in any way to Claimant's private commercial affairs, or of Claimant credit reports, said action will be considered a "dishonor" and cause the self-executing contract portion of this notice to be implemented. This includes the listing of any information to a credit-reporting repository that could be inaccurate or invalid.

If you can state your claim, please provide that information & fill out the enclosed IRS form W9. I will need your EIN number to forward to IRS for collections via form 1099/1096 stating your taxable gain on any payments made or amounts you may incur in the self executing contract section if you pursue this matter without proof of claim.

When you fill out the proof of claim document attached, please note that *only* signed, sworn statements in affidavit form, oath or jurat with the wet ink signature of the real party in interest, as described in Rule 17 of the Federal Rules of Civil Procedure will be accepted, any others would be considered frivolous, non-truths, and unlawful responses.

If your offices fail to respond to this validation and proof of claim request within 30 days from the date of your receipt, all references to this account must be deleted and completely removed from Claimant credit file and a copy of such deletion request shall be sent to Claimant immediately.

**Counter Claim with Self-executing Contract**

If Respondent, such as by commission, omission, and otherwise:

Fails to provide VALIDATION and PROOF OF CLAIM within thirty (30) days;
Makes a false representation of the character of the hereinabove-referenced alleged debt;
Makes a false representation of the legal status of the hereinabove-referenced alleged debt;
Makes any threat of action that cannot legally be taken, in violation of any applicable law, such as, the law codified at the *Fair Debt Collection Practices Act*,

will be construed to be Respondent's tacit acceptance of the terms and condition stated herein. In which case RESPONDENT agrees to:

Page 2 of 5

Voluntarily waive all claims against Claimant, their Agent or Heirs with prejudice; and,
The matter regarding the alleged debt is finally and totally settled; and,
Voluntarily admits the Claimant is the depositor for this account, that Respondent risked none of their assets at any time regarding this account and that they failed to disclose these material facts to Claimant; and, voluntarily report the date of last activity on this account is the date of this notice.

Furthermore, RESPONDENT'S failure to "Cease and Desist" in accordance with the requirements of the FDCPA and other related law, and/or satisfy the above "terms and conditions," constitutes RESPONDENT'S "Breach of Duty" and voluntary agreement to compensate Claimant, by certified mail, with a cashier's check within ten (10) days of the date of notice by Claimant, their Agent or Heirs, in the following amounts:

One Thousand Dollars ($1,000.00) for each communication made to Claimant or their Agent or Heirs, whether telephonically or in writing, which is not in affidavit form, by a person who has first-hand knowledge, regarding Respondent's unsubstantiated claim; and, One Thousand Dollars ($1,000.00) for each court appearance Claimant, their Agent or Heirs makes in response to Respondent's unsubstantiated claims; and, One Thousand Dollars ($1,000.00) per occurrence, for listing or reporting any information to a credit reporting repository which could be considered detrimental to Claimant's credit history; and, Debt Collector tacitly agrees that Debt Collector will compensate Respondent for all costs; fees and expenses incurred in defending against this and any and all continued collection attempts re: the above-referenced alleged account.

This is a private communication and is intended to affect an out-of-court settlement of this matter. Conduct yourself accordingly. Should any provision on this agreement be found to not be enforceable by order of a court of competent jurisdiction, it shall not adversely affect any other provision of this agreement and reasonable opportunity and effort shall be taken to modify it to become enforceable.

**NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT**
**NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL**

Applicable to all successors and assigns
*Silence is Acquiescence/Agreement/Dishonor*

Executed on 12-24-15 by: _____
Ronald J Gengler
Authorized Representative for RONALD J GENGLER

## CREDITOR/DEBT COLLECTOR DECLARATION and PROOF OF CLAIM

**Please provide all of the following information and submit the appropriate forms and paperwork back to me along with the Affidavit signed In Accordance with 28 U.S.C. Section 1746 within 30 days from the date of your receipt of this request for validation and proof of claim.**

1. Alleged Name and Address of Creditor:

2. Name on File of Alleged Debtor:

3. Alleged Account #:

4. Amount of alleged debt:

5. Date that this alleged debt became payable:

6. Date of original charge off or delinquency:

7. Amount paid if debt was purchased:

8. Please attach a copy of any signed agreement debtor has made with debt collector, or other verifiable proof that debtor has a contractual obligation to pay debt collector.

9. Furnish a copy of the original promissory note/agreement redacting my social security number to prevent identify theft and state that your client named above is the holder in due course of the note agreement and will produce the original for my own and a judge's inspection should there be a trial to contest these matters.

10. Produce the account and general ledger statement showing the full accounting of the alleged obligation that you are now attempting to collect.

11. Identify by name and address all persons, corporations, associations, or any other parties having an interest in legal proceedings regarding the alleged debt.

12. Verify as a third party debt collector, you have not purchased evidence of the alleged debt and are proceeding with collection activity in the name of the original maker of the note.

13. Verify you know and understand that certain clauses in a contract of adhesion, such as a so-called forum selection clause, are unenforceable unless the party to whom the contract is extended could have rejected the clause without impunity.

14. Verify you know and understand that credit card contracts are a series of continuing offers to contract and as such are non-transferable.

15. Provide verification from the stated creditor that you are authorized to act for them.

16. Verify that you know and understand that contacting me again after receipt of this notice without providing procedurally proper validation of the debt constitutes the use of interstate communications in a scheme of fraud by advancing a writing, which you know is false with the intention that others rely on the written communication to their detriment a violation of United States Code TITLE 18 PART 1 CHAPTER 63 Sec. 1341.

## AFFIDAVIT of TRUTH

**Sworn under penalties of perjury**

Signature(s) of Real Party in Interest:

Printed Name: _____ Signature: _____

EIN/SSN: _____

Failure to produce a contract in accordance with the above guidelines may illustrate that the alleged debt claimed owed was misrepresented and sold to third party debt collectors fraudulently. I am requesting a full removal of Derogatory reporting in my Credit File from all three Credit Reporting Agencies. Failure to notify me at the above address of the completion of these removals within 30 days of receipt of this letter indicates a disregard for the law to exhaust all efforts to resolve this without litigation.

By: _____  By: _____
(Print Name of Authorized Representative)   (Sign Name of Authorized Representative)

**NOTARY ACKNOWLEGEMENT**

State of _____

County of _____

SUBSCRIBED AND SWORN TO before me by _____, known to me or proven to me to be the real man signing this document this _____ day of _____, 201_

WITNESS my hand and official seal.

Notary Public



UNITED STATES POSTAL SERVICE



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

Ronald J. Gengler
P.O. Box 426
Thousand Palms, CA 92276

USPS TRACKING#



9590 9403 0122 5077 3821 56

Anastasia Lolong
HUNT & HENRIQUES
ATTORNEYS AT LAW
11 BERNAL ROAD, SUITE 8
SAN JOSE, CA 95119-1306

Mr. Ronald Gengler
PO Box 426
Thousand Palms, CA 92276

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   Anastasia Lolong
   HUNT & HENRIQUES
   ATTORNEYS AT LAW
   11 BERNAL ROAD, SUITE 8
   SAN JOSE, CA 95119-1306

   9590 9403 0122 5077 3821 56

2. Article Number (Transfer from service label)

   7015 1730 0000 2076 5158

PS Form 3811, April 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X _____
   ☐ Agent
   ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☐ Adult Signature
   ☐ Adult Signature Restricted Delivery
   ☐ Certified Mail®
   ☐ Certified Mail Restricted Delivery
   ☐ Collect on Delivery
   ☐ Collect on Delivery Restricted Delivery
   ☐ Insured Mail
   ☐ Insured Mail Restricted Delivery
     (over $500)
   ☐ Priority Mail Express®
   ☐ Registered Mail™
   ☐ Registered Mail Restricted Delivery
   ☐ Return Receipt for Merchandise
   ☐ Signature Confirmation™
   ☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt